**Raymond Lester KING, Plaintiff-Appellant,**

v.

**Sheriff, Joe ADAMS, et al., Defendants-Appellees.**

No. 26967.

United States Court of Appeals
Fifth Circuit.

April 28, 1969.

Raymond Lester King, pro se.

George Anderson, Rome, Ga., for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I.

■ This appeal is taken from the district court's denial of a motion for injunctive relief. We affirm.

Appellant, while on probation from a state sentence, was convicted of a federal offense for which he is presently incarcerated in a federal penitentiary. The State of Georgia lodged a detainer against him to take him into custody and hold a hearing to determine whether probation was violated and should be revoked.

Appellant filed his complaint for an injunction in the court below, based upon 42 U.S.C. § 1983, claiming his state conviction was invalid and, unless the detainer is removed, he will suffer damages amounting to $200,000. The district court treated the complaint as a petition for habeas corpus and denied relief for failure to exhaust state remedies.

■ Federal courts will not interfere with a state's good-faith and orderly administration of its criminal laws except in those extraordinary circumstances where federally created rights face irreparable injury. Cameron v. Johnson, 1968, 390 U.S. 611, 88 S.Ct. 1335, 20 L. Ed.2d 182; Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444; Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22.

Georgia statutes require a hearing to determine whether probation should be revoked or modified (Ga.Code Ann. § 27–2713). The state also has provisions for post-conviction remedies [Ga.Code § 50–127(1)] of which petitioner has not availed himself. We find no error in the judgment of the district court dismissing the appellant's complaint.

Affirmed.